May Term,
1859.

ANDREWS
v.
ANDREWS.

ANDREWS *v.* ANDREWS and Others.

Evidence may be heard to show that there was no consideration for a deed.

A deed drawn by mistake for a different interest from that intended to be conveyed, may be corrected if the mistake be clearly proved. A deed of gift is no exception to the rule.

If a party, by such mistake, hold a greater estate than belongs to him, and convey it to an innocent purchaser, receiving the consideration, he may be treated as a trustee for the real owner.

*Wednesday,*
*June 1.*

APPEAL from the Tippecanoe Circuit Court.

PERKINS, J.—Complaint upon the following facts:

*William B. Andrews,* in 1853, was about leaving *Lafayette, Indiana,* for *Australia.* He had an aged mother, *Sarah Andrews,* for whom he wished to provide. He conveyed to her a piece of property in *Lafayette,* on which she might reside, for the consideration, as expressed in the deed, of 400 dollars. After his departure, she sold the property for 1,000 dollars, and, with the proceeds, purchased two lots in *Lafayette.* Soon after, she died, leaving several heirs.

*William B. Andrews,* the grantor of the house to *Sarah,* now prosecutes this suit for the purpose of having the title to the two lots purchased by *Sarah,* vested in him.

As the ground of his prayer for such judgment, he alleges, in addition to the facts already stated, that he received from said *Sarah* no consideration for his conveyance to her; that the conveyance was a gift, and designed to be; but that, by mistake and contrary to his intention, the deed was drawn for the fee simple, instead of for a life estate, which was all that was to have been conveyed.

The Court below dismissed his complaint, on demurrer.

It is claimed that evidence could not be heard to show that there was no consideration for the deed. This is a mistake. *Rockhill* v. *Spraggs,* 9 Ind. R. 30.

It is a general proposition of law, that a deed drawn by mistake, for a different interest than that intended to be conveyed, may be corrected, if the mistake be clearly

proved.  *Linn* v. *Barkey*, 7 Ind. R. 69. , We do not see  <span style="float:right">May Term,<br>**1859.**</span>
why a deed of gift should form an exception.

And if the fact can be established that *Sarah Andrews*,
by mistake, held the title to a greater interest than belonged
to her, and conveyed it to an innocent purchaser, receiving
the consideration, it would seem that she might be treated
as a trustee for the real owner.  *Beckett* v. *Bledsoe*, 4 Ind.
R. 256.

THE PRESI-
DENT, &c.
v.
BRINK-
MEYER.

*Per Curiam.*—The judgment is reversed with costs.
Cause remanded with instructions to require the defend-
ant to answer. ,

*E. H. Brackett* and *J. O'Brian*, for the appellant.
*J. L. Miller*, for the appellees.