Nov. Term, 1859.

FROMAN
v.
FROMAN.

---

FROMAN *v.* FROMAN.

Equity will not aid in perfecting title under a voluntary deed.

| 13 | 317 |
| 135 | 642 |

APPEAL from the *Switzerland* Circuit Court.

Tuesday, December 6.

PERKINS, J.—This was a suit by *Jonathan M. Froman* against *Paul Froman, William C. Froman, Hiram Froman,* and *Keziah Froman,* for partition.

*Hiram Froman* answered, setting up title in himself to the whole of the land of which partition was asked.

The facts are these: *Paul Froman* owned a part of the south-east quarter of a certain section of land, on which he, with his wife, *Keziah,* resided. Some fifteen years ago said *Froman* and wife made a voluntary deed to one of their sons, *Hiram Froman,* of the south-west quarter of said section. Subsequently, said *Paul* made a voluntary deed of the south-east quarter to his wife, *Keziah,* and his sons *Jonathan, William,* and *Hiram.* Of this last-named tract, and upon these last-named conveyances, partition is sought. *Hiram* sets up his deed to the south-west quarter, alleges that it was made for that quarter by mistake, when the south-east quarter was intended, asks that it be reformed, the title to the south-east quarter decreed to be in him, and the partition denied.

The Court refused to correct his deed, and gave judgment for partition. The Court acted upon the ground that equity would not aid in perfecting title under a voluntary deed, in a case like the present. And such seems to be the law. 2 Story's Eq. Juris., § 793.

A Court will not decree the specific performance of a

Nov. Term,
1859.

contract, unless it is founded on a consideration. Ind. Dig. 298.

In one case, *Watts* v. *Bellas*, 1 P. Wil. 60, a voluntary defective conveyance of land was made good. This case is mentioned by Chancellor KENT, in *Gillespie* v. *Moon*, 2 Johns. Ch. 514, without disputing its authority. But it seems to have been overruled. See note to the case in P. Wil., *supra*, and Greenl. Overruled Cases.

We do not find the case cited in any elementary work which we have examined.

As to the right of a reversioner to apply for partition, see *Moody* v. *West*, 12 Ind. R. 399.

*Per Curiam.*—The judgment is affirmed with costs.

*S. Carter* and *J. Sullivan*, for the appellant (1).

*S. C. Stevens*, for the appellee (2).

