## LESLIE *v.* SLUSHER and Others.

If real estate be conveyed by an erroneous description, the purchaser is, after the vendor's death, bound to accept the conveyance of his heirs, or of a commissioner, in correction of such mis-description.

*Wednesday.*
*December 5.*

APPEAL from the *Warren* Circuit Court.

*Per Curiam.*—Suit to correct a mistake in a deed, and to compel payment of purchase-money. Judgment below, for the plaintiffs. The suit is by infant heirs, who proceed by their next friend, and by adults. The father of these heirs, sold a tract of land to *Leslie*, and put him in possession, which he has since continuously held. In making the deed, the land was mis-described.

The appellant lays down the proposition, that *Leslie* was entitled to a new deed from *Slusher* himself, the original grantor, and that he could not be compelled to receive one from his heirs, or a commissioner. The case of *Rush* v. *Truby*, 11 Ind. 462, seems to answer this objection. If *Leslie* was entitled to a new deed, as was executed in this case, he was compellable to take that of a commissioner. Some of the adult heirs had attempted to resell their interest in the land, but, as *Leslie* was in possession as owner, claiming adversely, the alleged conveyance of the heirs was void. This fact answers another objection. Ind. Dig. 798.

It is, also, objected that the judgment for costs is wrong, but no motion to tax the costs below was made.

The decree below is affirmed, with costs.

*R. A. Chandler*, for appellant.