Randall and Others *v.* Ghent and Another.

*S. C. Willson,* for the appellants.

*Thomas N. Rice,* and *McDonald* and *Roache,* for the appellee.

---

RANDALL and Others *v.* GHENT and Another.

A merely voluntary executory contract, for the conveyance of land, will not be specifically enforced; nor will a voluntary deed be corrected of mistakes, on the application of the grantee against the grantor; but it will be on the application of the grantor against the grantee, where, by mistake, the conveyance is for a larger estate than was intended.

But an executed deed, made upon no consideration, whether one be expressed or not, is valid, and operative against the grantor.

APPEAL from the *Putnam* Circuit Court.

PERKINS, J. — Suit to recover possession of real estate. Judgment below for the defendant. The facts of the case, in short, are these:

*Thomas Randall,* in his life time, owned the land in dispute,

and, on the 5th of February, 1860, died in its possession. The plaintiffs in this suit are his heirs at law. These facts disclose the title upon which the plaintiffs claim the land.

*Elizabeth Ghent,* the defendant, was a step-daughter of *Thomas Randall,* and, on the 5th day of July, 1859, he, "in consideration of the natural love and affection he held to her, as his said daughter," conveyed to her, by a deed, drawn in the form prescribed for warranty deeds by the statute, the land involved in this suit. The deed was duly acknowledged. These facts disclose the title upon which the defendant claims the land.

The position taken by the plaintiffs is, that a deed, without consideration, when purporting to be made upon a consideration, is void; that though natural love and affection is a good consideration, recognized in the law, as between parent and child, it is not a consideration between an owner of land and a stranger; that natural love and affection, in the legal sense of the term, can not exist between strangers.

It is well settled, that a merely voluntary executory contract, for the conveyance of land, will not be specifically enforced; *Froman* v. *Froman,* 13 Ind. 317; nor will a voluntary deed be corrected of mistakes, on the application of the grantee against the grantor; (*Id.*) though it will be on the application of the grantor against the grantee, where, by mistake, the conveyance is for a larger estate than was intended. *Andrews* v. *Andrews,* 12 Ind. 348. See *Wyche* v. *Green,* 16 Georgia, 49. But the proposition seems to be a universal one, in this State, that an executed deed, made upon no consideration, whether one be expressed or not, is valid and operative against the grantor; and the cases of *McNeely* v. *Rucker,* 6 Blackford, 391; *Doe* v. *Hurd,* 7 *Id.* 510, and *Thompson* v. *Thompson,* 9 Ind. 324, decide the precise question raised in this case, and decide it against the plaintiffs.

The fact that the deed contains a warranty is unimport-

ant, for this if for no other reason: that in a suit upon a warranty, for its breach, evidence would be heard as to the consideration paid, in determining the question of damages to be recovered. *Reese* v. *McQuilkin*, 7 Ind. 450.

*Per Curiam.*—The judgment below is affirmed, with costs.

*Henry Secrest, J. A. Scott,* and *J. A. Matson,* for the appellants.

*Williamson* and *Daggy,* for the appellees.