IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1877, IN THE SIXTY-
SECOND YEAR OF THE STATE.

---

### MASON ET AL *v.* MOULDEN ET UX.

CONVEYANCE.— *Mistake.—Action to Reform. — Consideration.—Volunteer.—
Heirs.*—The grantee of land conveyed by a deed reciting that the conveyance is made in consideration "of the sum of one dollar, and natural love and affection," is not a mere volunteer, but is a purchaser for a valuable consideration, and he may maintain an action against the grantor, or his heirs, to reform such deed, by correcting a mistake made in the description of the land intended to be conveyed.

SAME.—*Inadequacy of Consideration.*—Mere inadequacy of consideration for such conveyance is no ground for refusing to reform such deed.

SAME.—*Interrogatories to Jury.— Verdict.*—Where, in an action to reform such deed, the jury trying the cause return, with their general verdict for the plaintiff, answers to interrogatories, finding that the plaintiff, under such deed, had entered into the possession of the land and made valuable improvements thereon, that the consideration for such conveyance was natural love and affection, and the sum of one dollar, and that such sum had been paid,—

*Held,* that the defendant is not entitled to judgment notwithstanding the general verdict.

NEW TRIAL.—*Cause.*—An assignment of "Error of law occurring at the trial" is too indefinite as cause in a motion for a new trial.

From the Greene Circuit Court.

*A. G. Cavins* and *E. H. C. Cavins*, for appellants.

*J. D. Alexander*, *H. W. Letsinger*, *E. E. Rose* and *E. Short*, for appellees.

WORDEN, J.—Complaint by the appellees, against the appellants, to reform a deed by correcting the description of the land intended to be conveyed.

Issue, trial by jury, verdict and judgment for the plaintiffs.

The following, in brief, is the case made:

Polly Williams was, in her lifetime, the owner of a certain forty-acre tract of land, which she attempted to convey to the appellee Elizabeth Moulden, who was her niece, but a mistake was made in the description of the land in the deed. The deed executed expresses the consideration of the conveyance as "the sum of one dollar, and natural love and affection." Polly Williams is dead, and the defendants, her brothers and sisters, are her heirs.

In addition to the general verdict for the plaintiffs, the jury returned the following answers to the interrogatories propounded to them, viz.:

"1st. Did the plaintiff Elizabeth Moulden pay any valuable consideration for the land, and, if so, how much?

"Answer. She did, in way of improvements.

"2d. Was the consideration for said land, conveyed to Elizabeth Moulden, one dollar and natural love and affection?

"Answer. It was.

"3d. Did plaintiff make any valuable and permanent improvements while in possession under deed? If so, what improvements?

"Answer. Building stable and fencing.

"4th. Was the plaintiff Elizabeth Moulden to pay any thing for the land in controversy? If so, what was she to pay, when was she to pay it, and was it ever paid? If so, when and how?

"Answer.   No definite time proven.   It was.

"5th.   Was the land in controversy intended to be given to Elizabeth Moulden, in consideration of natural love and affection, by Mrs. Williams?

"Answer.   It was, including one dollar."

The defendants moved for judgment in their favor on the answers to interrogatories, notwithstanding the general verdict; but the motion was overruled, and they excepted.

It is urged by the appellants, that the plaintiff Elizabeth was a mere volunteer, and, therefore, that no reformation of the deed, correcting the mistake, could be had in her favor.   If she were a mere volunteer, it would seem that the position would be well taken.   *Froman* v. *Froman*, 13 Ind. 317; *Randall* v. *Ghent*, 19 Ind. 271.

But the answers of the jury to the interrogatories, as well as the recital in the deed which was executed, show that she was not a mere volunteer, but was a purchaser for a valuable consideration, viz., for the consideration of one dollar.   The cases, so far as we are advised, in which it has been held that a correction will not be made in favor of volunteers, are cases in which there was no valuable consideration whatever.   Elizabeth was a purchaser for a valuable consideration, and mere inadequacy of consideration is no ground for withholding relief by way of reforming the deed, and thus giving her what she bought, and what her vendor intended to convey, and would, but for the mistake, have conveyed.   Especially is this the case, as she took possession under the deed, and made valuable improvements on the land.

The case is not entirely like one where specific performance of a contract is sought.   Here, the vendor attempted to perform her contract, and executed a deed for that purpose.   The aid of the court is required only to correct a mistake into which the parties mutually fell in the execution of their purpose, the one to convey, and the other to receive, the title to the land.

With regard to adequacy of consideration, we quote the following passage from 1 Chitty Contracts, 11th Am. ed., p. 29:

"We may observe, that it is not essential that the consideration should be adequate in point of actual value,— the law having no means of deciding upon this matter; and it being considered unwise to interfere with the facility of contracting, and the free exercise of the judgment and will of the parties, by not allowing them to be the sole judges of the benefits to be derived from their bargains,—provided there be no incompetency to contract, and the agreement violate no rule of law. It is, indeed, necessary that the consideration should be of some value; but it is sufficient, as we have said, if it be of slight value only;" etc.

"Inadequacy of consideration will not, as we have before observed, of itself, defeat the contract, or substantiate a charge of fraud." 2 Chitty Contracts, 11th Am. ed., p. 1049.

We are of opinion, that the court committed no error in refusing to render judgment for the defendant, over the general verdict, on the answers of the jury to interrogatories.

The defendants moved for a new trial, and assigned the following causes:

1. The verdict of the jury is not sustained by sufficient evidence;

2. The verdict of the jury is contrary to law; and,

3. Error of law occurring at the trial, and excepted to by the defendants.

The third cause assigned is too indefinite to raise any question. This has been decided so often, that a reference to the decisions is unnecessary.

In regard to the first and second, we are of opinion, that the case was fairly made out by the evidence, and that the verdict was in accordance with the law.

The judgment below is affirmed, with costs.