Filed Oct. 14, 1886.

---

No. 11,216.

BAKER ET AL. v. PYATT.

DEED.— *Reformation.— Voluntary Conveyance. — Valuable Consideration.* — Equity will not intervene for the reformation of a deed which is purely voluntary.; but a deed, made by a father to a son in consideration of services rendered and of love and affection, may be reformed.

SAME.—*Complaint for Reformation.—Showing of Consideration.*—A complaint to reform a deed made to the plaintiff by his father, which alleges that the consideration was love and affection and a specified sum of money, is sufficient on demurrer as showing a conveyance upon a valuable consideration.

| 108 | 61 |
| 124 | 357 |
| 108 | 61 |
| 135 | 646 |
| 108 | 61 |
| 138 | 186 |
| 108 | 61 |
| 144 | 16 |
| 144 | 315 |
| 145 | 148 |
| 146 | 330 |
| 146 | 348 |
| 147 | 680 |
| 108 | 61 |
| 150 | 347 |

SAME.—*Mutual Mistake of Fact.*—*Description.*—*Family Settlement.*—A father, desiring to divide his lands among his children, executed a deed to each, intending to convey a certain portion, and each took possession of the particular tract he was to receive by the arrangement. Afterwards the plaintiff, a son of the grantor, discovered that the description which had been inserted in his deed by the scrivener, with the knowledge of both parties, did not, as they supposed it did, carry to him the tract intended to be conveyed, and of which he had taken possession, but covered a tract not owned by the father. Suit, after the death of the father, against another child, for a reformation of the deed.

*Held*, that the mistake was one of fact, and mutual, and that the plaintiff is entitled to a reformation.

PLEADING.— *When Judgment will not be Reversed for Want of Exhibit.*—Where the merits of a cause have been fairly determined, the judgment will not be reversed because a copy of a written instrument ought to have been filed with the complaint.

From the Vanderburgh Circuit Court.

*A. Gilchrist, C. H. Butterfield,* — *Patterson* and *H. G. Taylor,* for appellants.

*C. A. DeBruler* and *E. Gough,* for appellee.

ZOLLARS, J.—Appellee brought this action to have his deed corrected, and his title to the lands described in the complaint quieted, as against all claims by appellant. The deed was made to appellee by his and appellant's father, a short time before his death, and it is claimed that by mistake the land intended to be conveyed is not described in the deed, but other land which the father did not own.

The first paragraph of the complaint asks for a quieting of the title, and the second for a reformation of the deed. There is a third paragraph in the complaint, but it is apparent that the finding and judgment in appellee's favor rest upon the first and second paragraphs, if not upon the second alone. The general rule is, that where the judgment rests upon two paragraphs, one of which is fatally bad, as against the demurrer below, the judgment can not stand, but must be reversed. *Pennsylvania Co.* v. *Holderman,* 69 Ind. 18 ; *Ethel* v. *Batchelder,* 90 Ind. 520 ; *Louisville, etc., R. W. Co.* v. *Lockridge,* 93 Ind. 191 ; *Lang* v. *Oppenheim,* 96 Ind. 47 ; *Caylor* v. *Roe,*

99 Ind. 1; *City of Logansport* v. *LaRose*, 99 Ind. 117; *Rowe* v. *Peabody*, 102 Ind. 198; *Walker* v. *Heller*, 104 Ind. 327.

It is contended that the second paragraph is bad as against the demurrer, because neither the deed, nor a copy of it, was filed with it, or in any way made a part thereof. That contention is sustained by the case of *Overly* v. *Tipton*, 68 Ind. 410. Upon this point, that case has neither been approved nor questioned in subsequent cases in this court, although in some cases the copy of the deed filed with the pleading has, without question by court or counsel, been treated as a part of the pleading. *Toops* v. *Snyder*, 70 Ind. 554.

The case has support from the case of *Plowman* v. *Shidler*, 36 Ind. 484.

We do not find it necessary here to enter upon a re-examination of the question decided in the case of *Overly* v. *Tipton*, *supra*. After a careful examination, we have concluded that the merits of the cause have been fairly determined, and that, therefore, under our statute, the judgment should not be reversed simply because a copy of the deed was not filed with the second paragraph of the complaint. R. S. 1881, section 345; *Sohn* v. *Cambern*, 106 Ind. 302. The failure to file a copy of the deed, if that rendered the paragraph defective, was a matter somewhat formal in its character. It was a defect that would have been cured by verdict, had there been no demurrer, and such a defect as the above the statute requires shall be disregarded, where a cause has been fairly determined.

It is contended further by appellant's counsel, that there is no averment in the second paragraph of the complaint showing that the alleged misdescription in the deed was the result of the mutual mistake of the parties, and notwithstanding the general averment in that paragraph that the deed was made upon a valuable consideration, the special averments show that it was purely a voluntary deed, resting upon no valuable consideration whatever; and, further, that the alleged mistake was one of law, and not of fact.

It is averred in the paragraph under consideration, that

appellee and appellant Martha (the other appellant being her husband) are brother and sister; that their father, Nathan Pyatt, who owned eighteen hundred acres of land, was desirous of dividing it among his children, taking into account advancements that each had received, and that a short time before his death, in consideration of natural love and affection, and the sum of twenty-six hundred dollars paid to him, he executed deeds to each one of the children, intending thereby to convey to each a certain and proper portion of the lands; that each one took immediate possession of his or her land so conveyed, or supposed to have been conveyed, and has since paid the taxes thereon, etc.

It is further alleged that after appellee had taken possession of the land (describing it) given to him, and after the death of the father, he discovered that his deed did not describe his land, but, by the mistake of the scrivener, had been made to describe other lands (describing them) which his father did not own; that the land first described, and of which he was in possession, was the land which the father intended to give to him, and the land which he, and all the other children, supposed he was receiving.

The use of the word "give" indicates that the land was to be conveyed to appellee as a gift simply; but the use of that word, in the way and in the connection in which it is used, would not justify a holding that there was not any valuable consideration at all. So far as the conveyance was based upon love and affection, it may be said to have been a gift, but there is a positive averment that the conveyance was made not only in consideration of love and affection, and by way of dividing the land among the children, but also in consideration of twenty-six hundred dollars paid to the grantor. The averments taken together, we think, are sufficient upon the subject of consideration to make the paragraph good as against the demurrer.

It is settled, that before equity will interfere for the correction of a mistake in a deed, it must be made to appear

that the mistake was a mutual mistake, and a mistake of fact, and not of law.

It is shown by the averments in the second paragraph of the complaint, as we have seen, that the father's intention was to divide the whole of his lands among his children; that he did not own the land described in appellee's deed, but did own that which was taken possession of by him subsequent to, and in pursuance of, the deed to him; that the land so possessed by him was the land which the father intended to convey to him, and that which he, and all the other children, supposed he was receiving; that the deed does not describe the land thus intended to be conveyed, and which appellee supposed he was receiving, but, by the mistake of the scrivener, was made to describe other lands which the father did not own; and that appellee did not discover the mistake until after he had taken possession of the land, and after the death of his father.

These averments clearly show that the deed is not as the parties intended it should be, because it does not describe the land which the father intended to convey, and which appellee supposed was being conveyed to him. It is thus made apparent that the description in the deed is the result of a mistake, and that that mistake was mutual upon the part of the grantor and grantee, as their purpose was to have such a description in the deed as would properly describe, and carry the land which appellee subsequently possessed. And thus, too, it is made to appear, that but for their mutual mistake, and the mistake of the scrivener, the land intended to be conveyed would have been properly described. It is not averred that the grantor did not know what description was inserted in the deed, nor, indeed, is it averred that appellee was ignorant of the description so inserted. It is averred that he did not discover the mistake in the description of his land until after he had taken possession of it, and until after the death of his father, but this does not amount to an aver-

ment that he was ignorant of the description actually inserted in the deed.

It must therefore be assumed, as against the pleader, that both appellee and the father, at the time the deed was executed, knew what description was inserted therein. What, then, was their mistake? Was it a mistake of fact? And if so, was it such a mistake as will warrant a reformation of the description by a court of equity? Or was it a mistake of law against which equity will afford no relief? In our judgment, the mistake was in no sense a mistake of law, because, as a matter of law, the description in the deed was sufficient to have carried the land described, had it belonged to the father. It will be found, upon a close examination of the cases, that the mistakes, denominated mistakes of law, were cases where the descriptions used were so defective as to convey nothing, and that the mistakes of the parties were in supposing them to be sufficient; in other words, mistakes as to the legal sufficiency of the description used.

It was held in the case of *Armstrong* v. *Short*, 95 Ind. 327, that the mortgage could not be reformed, because the description of the lands was defective and insufficient, and because the mistake was as to the legal sufficiency of the description, and, therefore, a mistake of law. The same may be said of the cases of *Easter* v. *Severin*, 64 Ind. 375, and *Easter* v. *Severin*, 78 Ind. 540. See, also, *Nelson* v. *Davis*, 40 Ind. 366; *Nicholson* v. *Caress*, 59 Ind. 39; *Heavenridge* v. *Mondy*, 49 Ind. 434.

The mistake here, we think, was a mistake of fact. The purpose was to describe a tract of land owned by the father, and which he intended, and was attempting, to convey to the son. The mistake was in applying to that tract a description that did not describe it at all, but an entirely different tract. They supposed that the description used in the deed described the tract intended to be conveyed, and in that they were mistaken. Whether or not the description used covered the tract intended to be conveyed, we think, was a question of fact,.

and as to that fact there was a mistake. It was a fact, too, about which the parties might easily be mistaken, without being guilty of such negligence as ought to defeat a reformation of the deed. We find in some of the cases these statements: "It must be shown that words were inserted that were intended to be left out, or that words were omitted which were intended to be inserted." *Heavenridge* v. *Mondy, supra. Easter* v. *Severin, supra; Allen* v. *Anderson,* 44 Ind. 395; *Baldwin* v. *Kerlin,* 46 Ind. 426.

"It is not alleged that anything was omitted in the deed that was directed to be inserted, or that anything was inserted by mistake or otherwise, contrary to the direction of the parties." *Nelson* v. *Davis, supra.*

We do not question the correctness of these statements, as applied in the above cases from which we have taken them, nor as applicable generally, in actions for the reformation of written contracts, but feel sure that they should not be so applied in a case like this, as to require a holding that there can be no reformation of the description in a deed, unless it is made to appear that particular words of description were inserted that were intended to be left out, or that particular words were omitted which were intended to be inserted. Nor should it be held that there can be no reformation of the description in the deed, unless it is made to appear that at the time the deed was executed, the parties were ignorant of what that description was. To so hold, and to apply the above quoted statements literally, would be to deny relief in the larger number of cases of mistakes.

Although a deed might not contain a correct description of the lands intended to be conveyed, yet, if the particular words of the description are not those intended to be left out, or those left out are not those intended and directed to be inserted, there could be no relief. And so, if the parties, able to read and understand, should execute a deed without ascertaining its contents, they might be met with the statement, as contained in some of the cases, that they were guilty

of such negligence as to forbid equitable relief for the correction of the mistake.

As to the mere words of the description, in the case before us, it may be said, in the general language of some of the cases, that there was no mistake, and that the deed, in that regard, is just as the parties, at the time it was executed, intended it to be. But the mistake is back of that. The words of description may be as the parties at the time consented they should be; but that consent was the result of a mistake, not a mistake of law, nor a mistake of judgment, but a mistake of fact, in that the parties mistook the description used in the deed, as being applicable to, and as covering the land intended to be conveyed. Here is the land, and here a description. Parties may readily be mistaken in locating the land from the description, and so, from several descriptions, they may readily mistake in selecting that which is applicable to, and covers the land to be conveyed. In either event and equally, the mistake is one of fact, and not of law. Courts of equity do not interfere to correct errors in phraseology, nor to eliminate or add words to a contract, simply because they may have been added or omitted by mistake, unless they are important and essential to the contract between the parties. Equity looks to the substance, and lends its aid to reform written contracts, and thus make them conform to and express the real contract as the parties intended and agreed.

The transaction between the father and children was a family arrangement. Bouvier's Law Dictionary. And, as between the children, in the nature of a family settlement and partition. Each child went into the possession of the land conveyed to him or her, and has since held that possession as the owner; and all, except appellee, as the owners of the legal title. All of the children except appellant Martha, upon the discovery of the mistake in appellee's deed, in consideration of the fact that they held and possessed in severalty the por-

tion of the land conveyed by the father, made quitclaim deeds
to appellee for the land possessed by him.

Appellant possesses and holds in severalty the land con-
veyed to her, and, while thus holding, is claiming as an heir,
and attempting to recover from appellee, a portion of the land
set apart to him by the father, and to which he would have
the legal title but for the mistake in his deed.    But for the
family arrangement, and the consequent deeds · to appellant
and the other children, appellee, as an heir of his father,
would be entitled to an equal share of all the lands.    If ap-
pellant may hold on to what she has by virtue of that set-
tlement and the deed to her, and  share in the portion which
was intended for appellee, simply because of the mistake of
the parties in inserting a wrong description in his deed, so
might the other children if they had chosen to do so.

The result would be that the other children could hold as
against appellee what was conveyed to them, and, by sharing
in what was intended for him, reduce his share to almost
nothing.

A court of equity would be impotent indeed, if it could
not interfere to correct the mistake in appellee's deed, and
prevent the consummation of the attempted wrong.    It was
alleged, and found by the court, in the case of *Bush* v. *Hicks*,
60 N. Y. 298, that the plaintiff had contracted to sell to the
defendant a certain tract of land, and furnished a description
to the scrivener to be inserted in the deed.    The description,
although at the time thought to be correct, was not, because
it embraced land not included in the contract between the
parties.    The parties were mistaken as to the correct descrip-
tion of the land intended to be conveyed.    The court said :
" It is claimed that, as the plaintiff knew the terms of the
description inserted in his deed, and as the language em-
ployed was that intended to be used, there was no mistake.
The answer is that the mistake consisted in supposing the
description applied to the land intended to be conveyed,
whereas it embraced much more ; and a mutual mistake of this

character is a ground for reforming a deed in equity. The counsel is mistaken in supposing that a deed can be reformed only in cases where the mistake consists in the omission or insertion of words or clauses contrary to the intention of the parties. Although the parties understood what language was contained in the deed, if they believed the description corresponded with the actual boundaries of the land intended to be conveyed, and were mistaken, the case for a reformation was made out." See, also, *Burr* v. *Hutchinson*, 61 Maine, 514.

And so, in one of our cases, it was said : "A party may not carelessly sign a contract and then obtain its reformation in respect to its terms and conditions; but to say that in respect to the mere description of the subject-matter of the contract, the property intended to be conveyed, * * * there can be no relief unless particular words of description had been agreed upon and others used by mistake in their stead, and unless the mistake was of such a nature that the party could not by reasonable diligence obtain knowledge of it, when put upon inquiry, would, in many, if not in most, instances, be to deny relief entirely. The act of making or accepting a deed or contract puts the party upon instant inquiry; and so the making of a mistake becomes necessarily, as, indeed, in most cases doubtless it is in fact, an act of negligence, a failure to exercise reasonable care; so that, under the rule contended for, the fact which ordinarily makes relief necessary makes it impossible. There can be no good reason, as it seems to us, for refusing to correct mutual mistakes in matters of description on account of the negligence which caused the mistake, so long as equal or superior rights of third parties have not intervened." *Morrison* v. *Collier*, 79 Ind. 417.

We are constrained to hold that while the second paragraph of the complaint is, perhaps, not as specific as it might be, it is sufficient to withstand the demurrer.

Upon the proper request, the trial court made a special finding of the facts, the substance of which is, that Nathan Pyatt died in July, 1879, leaving seven children, two of

whom are the appellant and appellee; that on the second day of that month, he was the owner of lands, a part of which was that in controversy here, being that since occupied by appellee; that for the purpose of making an equal division of his property among his children, taking into consideration advancements that had been made, he executed conveyances to them of all, or about all, of his real estate, conveying to appellant two hundred and seventy-two acres, of which she took and has since held possession; that he made a conveyance to appellee, and at the time intended and declared his intention to convey to him the land here in dispute, but in giving to the scrivener the description of the land so intended to be conveyed, he, by mistake, gave a wrong description, and a description of land he did not own, and that the deed was made with such erroneous description, by the mutual mistake of the parties; that at the time and in the making of the several conveyances, he took into consideration all previous gifts and advancements to the several children, the labor done and services performed by them for him after their majority; that appellee lived nearer to him, and rendered more services to him, than the other children, and especially during the later years of his life; that at the time of the conveyance to appellee, he expressly recognized the existence of an obligation on his part to compensate him for such services; that appellee did not render the services with a view to any particular or specific compensation other than as his father might deem proper; that in consideration of such services, and in consideration of love and affection, and as a family settlement, to make an equal divide among the children, he made the deed to appellee, intending thereby to convey to him the land here in controversy, and that, since his death, the other children, except appellant, have made deeds to appellee for the land so intended to be conveyed to him.

It is settled that equity will not intervene for the reformation of a deed which is purely voluntary, resting upon no

valuable consideration whatever. *Froman* v. *Froman*, 13 Ind. 317; *Randall* v. *Ghent*, 19 Ind. 271; *German Mutual L. Ins. Co.* v. *Grim*, 32 Ind. 249 (2 Am. R. 341); *Winslow* v. *Winslow*, 52 Ind. 8; *Schoonover* v. *Dougherty*, 65 Ind. 463 (467).

On the other hand, if there is any valuable consideration, no difference how small, supplemented by the consideration of love and affection, a mistake in a deed may be reformed. *Mason* v. *Moulden*, 58 Ind. 1. In that case, the consideration was love and affection and one dollar. It was said: "Elizabeth was a purchaser for a valuable consideration, and mere inadequacy of consideration is no ground for withholding relief by way of reforming the deed, and thus giving her what she bought, and what her vendor intended to convey, and would, but for the mistake, have conveyed. * * *

"The case is not entirely like one where specific performance of a contract is sought. Here, the vendor attempted to perform her contract, and executed a deed for that purpose. The aid of the court is required only to correct a mistake into which the parties mutually fell in the execution of their purpose, the one to convey, and the other to receive, the title to the land." See, also, *McCaw* v. *Burk*, 31 Ind. 56.

Upon the question of the sufficiency of consideration generally, see *Scott* v. *Scott*, 105 Ind. 584, and cases there cited.

Both the special finding of facts and the evidence show that the services rendered by appellee to his father were a part of the consideration for the conveyance to him. It is found that the services were not rendered by appellee with a view to any particular or specific compensation, other than as the father might deem proper. But if the father had refused to make any compensation at all, we know of no reason why appellee might not have recovered a reasonable compensation from him or from his administrator after his death. Appellee was not living with his father as a member of his family, nor was there any agreement, express or implied, that his services should be gratuitous. The father recognized

the fact that appellee was entitled to some compensation for his services, and carried that recognition into the deed, and made the services a part of the consideration for the conveyance.

Having reached this conclusion, we need not inquire how far, if at all, the family arrangement and the conveyances to the other children might serve as a consideration for the conveyance to appellee. It is certain that appellant, having accepted her deed and the land conveyed, and holding the land in severalty, is not in a very favorable position to question the consideration for the conveyance to appellee.

The father apportioned to each child the particular tract of land intended for him or her. His intention was to convey to appellee the land here in controversy, and, to consummate that purpose, furnished to the scrivener a description which he supposed was the proper description of that land. In this he was mistaken.

The special finding and the evidence show that the tract intended for appellee was selected before the deed was made, and that in that selection appellee, as all the other children, acquiesced. He consented and agreed that the land thus selected should be the portion to be conveyed to him, upon the consideration heretofore stated. He supposed that the description, furnished by the father and inserted in the deed, was a proper and correct description of that land. In that he was mistaken. And thus there was a mutual mistake, such as a court of equity, under all the circumstances of this case, will correct.

We need add nothing here to what has been said in disposing of the questions raised by the demurrer to the complaint.

We have examined all of the questions discussed by counsel and are satisfied that the judgment should be affirmed.

Judgment affirmed, with costs.

Filed Oct. 26, 1886.