Comstock *et al. v.* Coon *et al.*

No. 16,507.

COMSTOCK ET AL. *v.* COON ET AL.

PLEADING.—*Complaint to Reform a Deed.—Sufficiency of.—Consideration.*—A complaint to reform a deed, made by the husband to his wife through a third person for a past consideration of $1,000, is sufficient, on demurrer, as showing a conveyance upon a valuable consideration.

DEED.—*Mutual Mistake of Fact.—Misdescription.—Reformation of.—Husband and Wife.*—Where a husband, desiring to convey land to his wife upon a money consideration, executed a deed to a third party, who, by agreement, was to, and did, execute a deed to the wife, but, by mutual mistake, neither of the deeds conveyed the land intended to be conveyed, the mistake was one of fact, and the wife is entitled to a reformation of the deed.

From the Grant Circuit Court.

*G. Harvey, A. De Wolf* and *E. Y. Comstock,* for appellants.

*A. E. Steele,* for appellees.

McCABE, J.—This was a suit by the appellee Margaret Coon, against the appellants and her co-appellees, to reform two deeds, one executed by her co-appellee Michael Coon, and herself, as his wife, purporting to convey certain real estate to her co-appellee George Coon, and the other executed by the latter and his wife, purporting to convey the same real estate to appellee Margaret, and to enjoin a sale on execution levied on said real estate as the property of appellee Michael Coon, by appellant Sanders, as sheriff, in favor of appellant Comstock, to satisfy a judgment in his favor against said Michael.

Appellants, Comstock and Sanders, answered by a general denial, and the other defendants were defaulted.

Trial by the court, finding for appellee Margaret Coon, and against all the defendants below, upon which she had judgment.

The assignment of errors calls in question the sufficiency of the facts stated in the complaint to constitute a cause of action, and also questions the action of the trial court in overruling the motion for a new trial.

We are entirely without the aid of either argument or a brief on behalf of the appellee. This is a very serious dereliction of duty on the part of the appellee and her counsel, who recovered judgment below. It imposes needless labor on this court, simply because the presumption in favor of the correctness of the judgment below forbids us from treating the failure to brief the case for appellee as a default and confession of the errors assigned. This needless labor the person recovering judgment below has no right to impose on this court, and in such cases they must not complain if we fail to give that painstaking research to sustain the judgment below, as we might with the aid of some sort of a brief or argument.

The substance of the complaint is that on the 28th day of August, 1882, the appellee Michael Coon, husband of plaintiff Margaret Coon, was indebted to her in the sum of $1,000 for money had and received, and for the purpose of paying said sum so due said Michael contracted and agreed with her that he would cause to be conveyed to her the following real estate, to wit, (then follows the description of ten acres of land in the county of Grant); and in compliance with said agreement he undertook to convey said real estate to George Coon under and by virtue of an agreement that said George Coon should convey the same to said Margaret. But by mistake said Michael conveyed a different ten acre tract to said George Coon, and that said George Coon and his wife, Amanda Coon, by mistake, conveyed to this plaintiff the last mentioned tract instead of the first; that each of said parties,

Michael and George Coon and his wife, in each of the conveyances mentioned, undertook and intended to convey the first mentioned tract, and at the time of the conveyance the said Margaret was put in possession of said first mentioned tract, and has ever since been in the quiet and peaceable possession thereof, and that said misdescription was made by mistake only.

Said George Coon and wife are made defendants, as well as John Sanders, sheriff of Grant county; that on the 8th day of September, 1890, Archibald Comstock, as surviving partner of Henry R. Lowe & Co., obtained a judgment against the above named Michael Coon, in the Pulaski Circuit Court, for $397.21, and that on the 19th day of May, 1891, said Comstock took out execution on said judgment and placed the same in the hands of appellant John Sanders, sheriff of Grant county, Indiana, as such sheriff, and that on the 1st day of June, 1891, said sheriff levied said execution on the real estate last mentioned and described, and is threatening, and is about, to sell the same for the purpose of satisfying said judgment; that if he is not restrained he will so sell said real estate. Wherefore, plaintiff asks that said sheriff be restrained and forever enjoined from so selling said real estate, or from offering the same for sale by virtue of said judgment and execution, and that the plaintiffs' title be quieted and for all other proper relief.''

The first objection urged to this complaint is that it fails to show a consideration for the agreement of Michael Coon to convey the land described to the appellee Margaret Coon, his wife.

It is settled law that a reformation of a deed can not be enforced where there is no consideration therefor, and where it is merely voluntary. *German Mutual Ins. Co.* v. *Grim*, 32 Ind. 249; *Froman* v. *Froman*, 13 Ind. 317;

*Randall* v. *Ghent,* 19 Ind. 271; *Andrews* v. *Andrews,* 12 Ind. 348.

But if there is any consideration at all for the conveyance, a mistake therein may be corrected.

In *Mason* v. *Moulden,* 58 Ind. 1 (3), this court said: ''The case is not entirely like one where specific performance of a contract is sought. Here, the vendor attempted to perform her contract, and executed a deed for that purpose. The aid of the court is required only to correct a mistake into which the parties mutually fell in the execution of their purpose, the one to convey, and the other to receive, the title to the land.   *   *   *   We may observe, that it is not essential that the consideration should be adequate.   *   *   *   It is, indeed, necessary that the consideration should be of some value; but it is sufficient, as we have said, if it be of slight value only.''

The complaint showed, that an indebtedness of said Michael Coon to appellee Margaret Coon, his wife, for one thousand dollars, was the consideration for the conveyance; that the agreement was between the husband, Michael, and the wife, Margaret Coon, that the conveyance was to be made to her in payment and satisfaction of said debt. That was ample consideration. But it is contended, that this indebtedness was not a valid consideration, because it was a past consideration. True, it was a past consideration; that is, it passed from the appellee Margaret Coon before the contract was entered into between her and her husband, Michael Coon, by which he was to convey the land to her.

Appellants' counsel seem to suppose that a past consideration is not sufficient to support a promise or contract in any case. In this they are in error. A past consideration is insufficient only in cases where the promisor is under no previous legal or moral obligation to pay or perform. In a case like the present, where

the promisor was under a previous obligation to pay the debt, both legal and moral, his promise to do so, by causing the land to be conveyed from himself to his wife, through the intervention of a third person, in payment of such debt, had for its support a good and sufficient consideration. *Goldsby* v. *Robertson*, 1 Blackf. 246; *Clodfelter* v. *Hulett*, 72 Ind. 137; *Wills* v. *Ross*, 77 Ind. 1.

The proceeding was not one, as counsel seem to suppose, to enforce specific performance of a contract, nor to enforce rights founded on an equitable title, but it is an appeal to the equity powers of the court to correct an alleged mistake in her deed, the evidence of her legal title. Hence, the principles discussed and authorities cited by them on this point have no application to the case.

Counsel assert, as a reason why there can be no recovery, or ought not to have been any recovery under the evidence, that the land described in the appellee Margaret Coon's complaint is altogether different land from that described in the two deeds sought to be corrected, the one from Michael Coon and Margaret Coon to George Coon, and the other from George and his wife to Margaret Coon. That is the very reason why the complaint was good, and one of the reasons why the appellee Margaret ought to recover. If the land described in her complaint, as the land intended to be conveyed, had been the same as that described in the deeds as actually conveyed, there would have been no mistake to correct, and hence no cause of action, and no recovery thereon could be sustained.

Counsel assert that dealings between husband and wife are not regarded as contracts, and cite *Barnett* v. *Harshbarger, Admr.*, 105 Ind. 410 (412), where it is said that "Dealings between husband and wife are not regarded as contracts in the strict legal sense." That was said in a

case where the question involved was whether the statute of limitations would apply to transactions between husband and wife. No question of that kind is involved here, and hence that case has no application to the case at bar.

Counsel, in support of their contention, cite *Harrell* v. *Harrell*, 117 Ind. 94. In that case it was held that a wife possessed of a large estate may borrow money of her husband to be used in her own separate business, and that her husband can enforce its repayment.

That case does not lend any sanction to appellants' contention, that money loaned by a wife to a husband can not form a consideration for an agreement on the part of the husband to repay it by the conveyance of land to her.

Counsel cite also *Corcoran* v. *Corcoran*, 119 Ind. 138, but that case has no application at all. It was there sought to enforce a contract between husband and wife, by which, in consideration of a conveyance of land to her, she agreed to support him during his natural life. That contract was held void, not because the parties could not make any contract that would be enforcible in equity, but because, as was there said, "The law makes it the duty of the husband not only to support himself, but his wife and children as well, and we know of no rule of law or of public policy, which gives any countenance to an attempt by a husband to abdicate the duty which the law casts upon him, and impose it as an obligation upon his wife through the medium of an ordinary oral contract."

This case affords still less support to appellants' contention. But it has been held, by this court, that contracts which would be sustained at law if made by a husband with a trustee, for the benefit of the wife, will be upheld in equity if made directly between husband and wife. *Sims* v. *Rickets*, 35 Ind. 181; *Thompson* v.

*Mills,* 39 Ind. 528; *Brookville Nat'l Bank* v. *Kimble,* 76 Ind. 195; *Wilson* v. *Wilson,* 113 Ind. 415.

A husband may not only voluntarily perform a contract to repay money borrowed from his wife, but equity will compel performance. *Proctor* v. *Cole,* 104 Ind. 373; *Goff, Assignee,* v. *Rogers,* 71 Ind. 459.

But it is only necessary here, to maintain the sufficiency of the complaint, that there was a consideration for the conveyance sought to be corrected. As already observed, this was not an action to compel specific performance, or in any other way to enforce a contract between husband and wife, but simply to have mistakes in a conveyance corrected.

The questions of possession and the statute of frauds, so much discussed by counsel, have no bearing on the sufficiency of the complaint. Nor was it necessary to allege that she had performed any contract, as she was not seeking to enforce a contract or to recover damage for the breach of a contract. It is last contended that the evidence is insufficient to establish the alleged mistake, because the evidence fails to show that any word or words were inserted in the deeds, that were intended to be left out, or that any word or words were left out that were intended to be inserted; therefore, it is contended that if mistake there was, it was a mistake of law in supposing that the words of the deed were legally sufficient to convey the land intended.

There are many instruments to which these principles are strictly applicable, but they are not applicable to the words of description in the deeds in question here.

In the case of *Baker* v. *Pyatt,* 108 Ind. 61 (66), this court, in a case precisely like this, said: "The mistake here, we think, was a mistake of fact. The purpose was to describe a tract of land owned by the father, and which he intended, and was attempting, to convey to the son. The

mistake was in applying to that tract a description that did not describe it at all, but an entirely different tract. They supposed that the description used in the deed described the tract intended to be conveyed, and in that they were mistaken. Whether or not the description used covered the tract intended to be conveyed, we think, was a question of fact, and as to that fact there was a mistake. It was a fact, too, about which the parties might easily be mistaken, without being guilty of such negligence as ought to defeat a reformation of the deed."

This case is precisely applicable to the facts and circumstances of the case at bar, and is decisive of the point as to mistake and the sufficiency of the evidence to establish such mistake. The evidence was amply sufficient to support the finding. Therefore, there was no error in overruling the motion for a new trial.

We find no error in the record.

The judgment is affirmed.

Filed Dec. 19, 1893.