HENRY C. BUTLER *vs.* WALLACE BARNES.

Hartford Dist., Jan. T., 1892. CARPENTER, SEYMOUR, TORRANCE, FENN and ROBINSON, Js.

In a suit for the reformation of a warranty deed, so as to make it include a strip of land, from which the plaintiff had been evicted, covered by the original contract but by mistake not covered by the terms of the deed, and for damages for the breach of the covenants of the deed by reason of the eviction, the court below made a finding of the facts and rendered judgment for the defendant. On appeal by the plaintiff this court held the judgment to be erroneous upon the facts, and granted a new trial "at which the Court of Common Pleas may reform the deed, and thereupon render judgment for damages for the breach of the

covenants now in said deed contained." Held that the court did not intend to grant, and did not grant, a new trial as to the facts.

The case was however, against the objection of the plaintiff, retired upon the facts, and the defendant appealed from the judgment on the ground that the court had erred in its rulings on the new trial. Held that, as the new trial on the facts should not have been had, the errors were of no consequence.

This court could consider only the facts as found on the first trial.

The plaintiff had been evicted from the strip of land in question and at the trial of the case had cited in the present defendant to defend the title. In the present suit the court allowed him as damages, not only the value of the land from which he had been evicted, but the expense which he had necessarily incurred in his defense against the ejectment suit. Held to be error.

It has been our immemorial usage in actions brought to recover damages for a breach of the covenant of warranty, where the warrantor comes in to defend or is cited in, to give the plaintiff the value of the land at the time of the eviction, with the cost which he has sustained in the action by which he was evicted.

But in this case the deed did not include the strip to which the action of ejectment pertained, and its covenants had no application to it; so that the defendant, although cited in, could not be regarded as a warrantor, with the duty of assuming the defense resting upon him.

The court below, in reforming the deed, had decreed that the rights of the parties should be "the same as if the added clause had been a part of the deed at the time of its delivery." Held that it was proper that the reformed deed should take effect by relation as of its original delivery so far as the land was concerned, but that the court could not give it such a relation back as to have it create an obligation of the present defendant to have at that time assumed the defense.

[Argued January 7th—decided February 29th, 1892.]

SUIT for the reformation of a deed and for damages for a breach of the covenant of warranty in the deed; brought to the Court of Common Pleas in Hartford County. The case was before this court at a former term, (60 Conn. R., 170,) when the court ordered a new trial. The case was re-tried before *Taintor*, *J.*, who made a new finding of the facts and rendered judgment for the plaintiff to recover $903.08 as damages. The defendant appealed for error in the rulings of the court as to evidence and as to the damages. The case is fully stated in the opinion.

*J. J. Jennings*, with whom was *R. S. Newell*, for the appellant.

*E. Peck*, with whom was *N. E. Pierce*, for the appellee.

TORRANCE, J. At a former term this case came before us on a special finding of the facts by the trial court, with a judgment rendered upon those facts in favor of the defendant. The plaintiff appealed to this court on the ground that the trial court erred in applying the law to the facts so found. This court held that there was error in the judgment appealed from, " and that a new trial should be granted, at which the Court of Common Pleas may reform the deed as herein indicated, and thereupon render judgment for damages for the breach of the covenants now in said deed contained." *Butler* v. *Barnes*, 60 Conn., 193.

When the case came up again in the trial court, the plaintiff made a motion that the deed should be reformed as prayed for in his complaint, in accordance with the opinion of this court, and that the cause be set down for a hearing in damages at a future day.

The motion to reform the deed without further hearing was denied. The case was then tried *de novo*, and upon the facts found on the re-trial, judgment was rendered for the plaintiff. From that judgment the defendant now appeals.

After the present appeal was allowed, the plaintiff, in accordance with the provisions of section 1136 of the General Statutes, filed and had allowed a bill of exceptions, based upon the action of the court in denying his motion, as hereinbefore stated, and in permitting the case to be tried *de novo* upon the facts. The questions raised by the bill of exceptions are therefore before us, and may be considered on this appeal. The principal question so raised relates to the right of the defendant to re-try the facts covered by the former finding.

With some few exceptions, to which reference will hereafter be made, the errors assigned on the present appeal relate to matters arising in the course of the re-trial of the facts which had been found in the first trial, such as the admission and rejection of testimony, rulings as to the weight

and sufficiency of testimony, and the denial of certain motions with reference to the pleadings.

Now if the finding of facts made in the former trial was final and conclusive upon both parties, as claimed by the plaintiff on the re-trial, then the defendant was not entitled to such re-trial. It should be remembered that when this case was last before us no claim was made that the facts found on the first trial had not been properly found, or that there had been in any respect a mistrial as to the facts then found. The question was simply whether upon those facts the deed ought to be reformed as prayed for, and this court held that it ought to be. Thereupon the case was sent back, that the trial court might, upon the facts found, reform the deed, and this being done, that it might render judgment for damages, upon a hearing had for such purpose only.

We think it quite clear that this court in the case of *Butler* v. *Barnes*, 60 Conn., 170, did not grant, and did not intend to grant, a new trial as to the facts found. The record in that case showed no facts or circumstances that would warrant such a new trial; neither of the parties asked for such a new trial, and nothing, in the opinion written in that case, can be fairly construed as granting such a new trial.

We think the case at bar, in this respect, comes squarely within the principles applied in the case of *Taylor* v. *Keeler*, 51 Conn., 397, and that the trial court ought not to have permitted the defendant to re-try the case as to the facts found on the former trial.

If this be so, the defendant was not legally harmed by the rulings of the court of which he complains, upon the re-trial as to the facts found on the former trial. That finding conclusively bound the defendant, and, as this court held, entitled the plaintiff to a reformation of the deed.

The action of the trial court in erroneously, and against the objection of the plaintiff, permitting the defendant to try facts already judicially established, did not affect the first finding in the least. If we should set aside the present finding of facts bearing upon the question of the reforma-

tion of the deed, for the errors now assigned by the appellant, this would not help him, for the plaintiff would still be entitled to have the deed reformed upon the facts found on the first trial. For these reasons we deem it unnecessary to consider any of the errors assigned by the defendant on this appeal, except those now to be referred to.

Upon the conclusion of the second trial in the court below the defendant made a written motion for a new trial, embodying certain claims made by him on that trial, including the claim that the judgment rendered was against the evidence in the case, and asked the trial court to report the evidence in the case to this court, and to reserve the questions arising thereon for its consideration. This motion the court denied, and this is assigned for error. We are not aware of any statute or rule or practice of the court which entitled the defendant to have such a motion allowed, and it was properly overruled.

The remaining errors assigned relate to the matter of damages, and will be considered together.

The court below, having adjudged that the deed should be reformed as prayed for, proceeded to reform it, and further adjudged that "said reformation shall take effect as of date, August 15th, 1872, and all the rights of the parties hereto shall be the same as if said added clause had been a part of said deed at the time of its delivery."

Upon the re-trial of the case, in the court below, after the deed had been so reformed, the plaintiff claimed that he was entitled to recover as damages, not only the value of the land from which he claimed to have been evicted in the action of ejectment brought by one Root against him, but also the costs recovered against him and the expenses to which he had been put in that action. The record shows that "the defendant objected to any evidence as to other damages than the value of the land at the time of the eviction, claiming that Mr. Barnes was in no wise a party to the suit of *Root* v. *Butler* because he was vouched in to defend a deed which the court in that action found was correct.

The court overruled the objection and awarded damages as claimed by the plaintiff."

The damages as claimed by the plaintiff, as they appear on the record, are as follows :—

| | |
|---|---:|
| " Value of land evicted . . . | $100 00 |
| Bill of costs in *Root* v. *Butler*, . . . | 214 55 |
| Attorney's bills in *Root* v. *Butler*, . . | 451 53 |
| Bill of surveyors & maps in *Root* v. *Butler*, | 72 75 |
| Witnesses in *Root* v. *Butler*, . . . | 64 25 |
| | $903 08 " |

We think it sufficiently appears from the record that the appellant claimed that the costs and expenses in the case of *Root* v. *Butler* should not be considered as an element of damages in the case at bar, and that the court below overruled this claim and rendered judgment for the full amount claimed by the plaintiff. It thus appears that the appellant is not only compelled to pay for the value of the land at the time of the eviction, but more than eight times the value of the land for costs and expenses incurred in the eviction proceedings. Whether the appellant ought to pay as damages the whole or any part of such costs and expenses, is the principal question remaining in the case.

For the purposes of the argument we will assume that all the expenses of the defence were incurred in good faith, and were reasonable in amount, although this is not specifically found.

In discussing this question it should be borne in mind that, under our practice from a very early period, in ordinary actions for a breach of the covenant of warranty, in cases where the covenantor had voluntarily come in, or had been cited or " vouched " in, to defend his title in the prior action of ejectment, it has been customary to allow as damages the costs in that suit. " In Connecticut the immemorial usage has been in actions brought to recover damages * * * on the covenant of warranty, to give (to the plaintiff) the value of the land at the time of the eviction, with the cost which he has sustained in the action by which he was

evicted." Swift's Digest, 673. "When the warrantor is vouched. or cited in, if the land should be recovered of the warrantee, * * * he (the warrantor) will be liable to pay the value of the land as well as the damages and costs recovered in such action." Id., 367. "We think too that when the warrantor has been vouched in to defend his title, the cost which the plaintiff has actually been put to is a fair ground of damages." *Sterling* v. *Peet,* 14 Conn., 254.*

Just what items are to be included within the above phrase, " cost which the plaintiff has actually been put to," or the phrases used by Judge SWIFT in the citations from the Digest, and especially whether they include reasonable counsel fees in the ejectment suit or other eviction proceedings, this court has never been called upon to determine. So far as we are aware however, the practice has been quite general in the trial courts in such cases, to allow, as part of the damages, counsel fees and other items of a like nature with those claimed by the plaintiff in the case at bar, if the same were reasonable in amount, and had been incurred in good faith in the eviction proceedings.

Judge LIVINGSTON, in *Staats* v. *Ten Eyck's Exrs.,* 3

---

*NOTE. In the passage quoted from *Sterling* v. *Peet,* 14 Conn., 254, the word "costs" is used, instead of "cost," but the former word is evidently a misprint for the latter, and the judge has properly corrected the error in his quotation. That it is a misprint is shown by the use of the singular verb "is," instead of the plural "are," while the expression, "costs which the plaintiff has actually been put to," is an unusual and unnatural one, as the term "costs," which has a technical meaning and represents *taxable costs*, does not properly apply to actual expenditures, but simply to a statutory allowance, mainly of fixed items, to the successful party. Bouvier, in his Law Dictionary, defines *costs* as "the expenses of a suit which may be recovered by law from the losing party." Jacob, in his Law Dictionary, while stating that the term may cover expenses as between attorney and client, yet says that "as between party and party they are those only which are allowed to the party succeeding against his adversary," and shows that he regards this as the proper use of the word by dividing the whole subject of costs into four parts, under the following heads—"In what cases costs are given to the plaintiff—In what to the defendant—Of double and treble costs—Of taxing and recovering costs." Burrill and Brown, in their law dictionaries, follow Jacob. The term "costs" is sometimes used by judges in both senses, but it is better that it should be kept to its more proper use, as taxable costs. *R.*

Caines, 3, held, in an action upon the covenant for quiet enjoyment, that the costs in the action of ejectment included reasonable counsel fees.

In the present case, however, we do not undertake to decide this matter because it was not argued before us, and in view of the conclusion reached such a decision is unnecessary. In this class of cases the reasons which have led the courts to include, as part of the damages, the reasonable "cost which the plaintiff has actually been put to" in the eviction proceedings, are not far to seek.

The covenantor has in writing agreed to defend the title to the land conveyed. When he knows that the title is attacked in court it becomes his duty to defend it. In the words of Judge KENT, in an opinion given by him in the case of *Staats* v. *Ten Eyck's Exrs.*, before referred to, the covenantor "was bound to defend and protect the plaintiff and his assigns in the title he had conveyed. At common law he might have been vouched to come in and have been substituted as a real defendant in the suit."

Under our practice the covenantor may be vouched or summoned in in the eviction proceedings to defend the title, or he may voluntarily undertake the defense. *Belden* v. *Seymour*, 8 Conn., 304. If the covenantor fails or refuses to defend in the eviction proceedings, it is the duty of the defendant therein to defend the property as best he can. *Staats* v. *Ten Eyck's Exrs.*, *supra.* Under such circumstances it is just and equitable that the plaintiff in the action for a breach of the covenant of warranty, should be, to some extent at least, made good for the reasonable "cost which he has actually been put to" in an attempt made in good faith to defend the title.

It is, in a very proper sense, the natural and necessary consequence of the breach of covenant. It is incurred on behalf of the covenantor, and in the performance of his duty, and he, when properly cited in, can at any time put an end to the suit by compromise or otherwise, or can himself assume the cost and expense of defending the title.

If then the case at bar were an ordinary action to recover

damages for the breach of the covenant of warranty, some at least, if not all, of the items of costs and expenses in the eviction proceedings to which the appellant objected in the court below, would clearly be a " fair ground " of damages against him.

But the present action is not such an ordinary proceeding. It is in part a proceeding to have a deed reformed so as to include, within the description of the land therein contained, a certain small piece of land which it did not originally include, but which, as is now judicially established, the defendant had legally agreed that it was to include, and which both parties thereto mistakenly supposed it did include.

It is also a proceeding to recover damages for a breach of the covenant of warranty in the deed as reformed. It appears from the record that prior to the reformation of the deed, upon which these proceedings are in part based, it contained no covenant of warranty whatever relating to or covering the land in dispute in *Root* v. *Butler*, and that it contained no such covenant until long after the termination of that action. Prior to its reformation the deed bounded the land conveyed by it " northerly on land of the heirs of Mrs. Ann O'Connor, one hundred feet." In the ejectment suit of *Root* v. *Butler*, the question was not whether the *locus in quo* had been conveyed with warranty by the appellant, but simply whether the present plaintiff had wrongfully encroached or trespassed thereon. The question was, where is the south line of the O'Connor land? When that line was determined, the question whether the present plaintiff had or had not committed any wrong was also determined. It thus clearly appears that no act or contract of the appellant was in any way involved in the action of *Root* v. *Butler*. In that suit the present plaintiff was trying the question whether he had wrongfully encroached upon the land of his neighbor, and the court found against him and ejected him therefrom. He was not defending the title to land which the appellant had conveyed with warranty; he was merely defending his own wrongful act.

Now assuming, what is now judicially established, that the appellant, prior to the delivery of the deed in question, had agreed to sell and convey to the plaintiff's grantor the land in dispute in the *Root* v. *Butler* case, and that the plaintiff's grantor bought and paid for the same, and both parties mistakenly supposed the deed conveyed said land, all this. did not give the plaintiff the right to "vouch in" the appellant to defend in the *Root* v. *Butler* suit. It gave the plaintiff the right, as we have held, to have his deed reformed, so that it might contain a covenant of warranty covering said land, but until his deed contained such a covenant he could not legally vouch in the appellant in the ejectment suit. The appellant was vouched in, in that suit, not for the purpose of having his deed reformed, but simply and solely to defend under a covenant which did not then legally exist, and which he strenuously insisted he had never agreed to make.

Prior to the termination of the *Root* v. *Butler* suit the appellant had never been requested to reform his deed or to carry out the parol agreement which it was subsequently claimed he had made prior to the delivery of the deed; nor can it reasonably be supposed that, until just prior to the bringing of the present suit, the appellant knew that there was any such parol agreement that he had not wholly performed. The appellant was therefore then under no duty as covenantor or otherwise to assume or take any part in the defense of that suit. Nor would it have been in his power against the will of the defendant therein to have exercised any control over that suit.

Under such circumstances why should the appellant be compelled to pay over eight hundred dollars costs and expenses of a litigation in which he could not reasonably know that he was or ever would be concerned and over which he had at the time no control?

None of the reasons already alluded to for compelling the payment of such costs and expenses in ordinary cases exist here, and we think they ought not to be paid by the appellant in this case.

We have been unable to find any case wherein this precise point has been decided, but we think our present conclusion may be supported, both upon principle and by the authority of decisions made in cases quite analogous to this. Take the case where a town has been compelled to pay damages in an action for injuries sustained by reason of a defective highway, where the defect was occasioned wholly by the illegal act of another person. In an action brought against such person by the town to recover for the amount of the judgment it has been compelled to pay, in what cases can it also recover for the expenses incurred in the first suit? The principle applicable in such cases is thus stated by the Supreme Court of Massachusetts:—"The remaining question in this case is, whether the plaintiff shall recover the amount paid as counsel fees in the suit against the town, which it is agreed are reasonable, if in law they are to be allowed. The defendant was notified by the town of the pendency of the original suit and was requested to defend it, which he declined to do. * * * Natural and necessary consequences are subjects of damages; remote, uncertain and contingent damages are not. Whether counsel fees are natural and necessary or remote and contingent, in the particular case, we think may be determined upon satisfactory principles; and, as a general rule, when a party is called upon to defend a suit founded upon a wrong for which he is held responsible in law, without misfeasance on his part, but because of the wrongful act of another against whom he has a remedy over, counsel fees are the natural and reasonably necessary consequence of the wrongful act of the other, if he has notified the other to appear and defend the suit. When however the claim against him is upon his own contract, or for his own misfeasance, though he may have a remedy over against another, and the damages recoverable may be the same as the amount of the judgment against himself, counsel fees paid in defense of the suit against himself are not recoverable." The court then cites, as falling within the latter class, the cases of *Reggio* v. *Braggiotti*, 7 Cush., 166, *Baxendale* v. *London etc. Railway Co.*, L. R.

10 Exch., 35, and *Fisher* v. *Val de Travers Asphalte Co.*, 1 C. P. Div., 511, and proceeds as follows: "In the present case the plaintiff was not compelled to incur counsel fees by reason of any misfeasance or of any contract of its own, but was made immediately liable by reason of the wrong-doing of the defendant. There seems to be no ground in principle by which it should be precluded from recovering, as a part of its damages, the expenses reasonably and properly incurred in consequence of the wrong-doing of the defendant. Within this rule a master, who is immediately responsible for the wrongful acts of a servant, though there is no misfeasance on his part, might recover against such servant not only the amount of the judgment recovered against him, but his reasonable expenses, including counsel fees, if notified to defend the suit. * * * It does not apply to cases where one is defending his own wrong or his own contract, although another may be responsible to him." *Inhabitants of Westfield* v. *Mayo*, 122 Mass., 100.

The case of *Inhabitants of Lowell* v. *Boston & Lowell Railroad Corp.*, 23 Pick., 24, was a case similar to the preceding in many respects; but in that the court held that the town was not entitled to recover of the defendant the amount it had paid for taxable costs and counsel fees in a prior suit brought against it by one injured by a street made defective solely by the acts of the railroad company. This conclusion seems to have been based upon the fact that in the prior suit the town had in fact defended to a great extent against its own obligation, and had not defended against the wrongful act of the railroad company. See the comments of Judge LORD upon this case in 122 Mass., 100, above quoted from.

In the case at bar we think it quite clear, as already said, that the plaintiff in the case of *Root* v. *Butler* was "defending his own wrong" simply on his own behalf, and was not defending any act or contract of the appellant, and that the case at bar comes within the principle applied in *Reggio* v. *Braggiotti*, 7 Cush., 166, *Baxendale* v. *London etc. Railway Co.*, L. R. 10 Exch., 35, *Fisher* v. *Val de Travers Asphalte*

*Co.,* 1 C. P. Div. 511, and *Inhabitants of Lowell* v. *Boston &
Lowell R. R. Corp.,* 23 Pick., 24.

But it may be said, in answer to all this, that the deed
has now been reformed, and should be regarded for all pur-
poses as if it had always been as it now is.   The court below,
as we have seen, adjudged that "all the rights of the parties
hereto shall be the same as if said added clause had been a
part of said deed at the time of its delivery."   Under such
a judgment the court below would naturally enough, and
perhaps necessarily, hold that the appellant could be legally
"vouched in" in the *Root* v. *Butler* suit, and was responsi-
ble over for the costs and expenses therein.   The question
however remains, whether the court in deciding, in this wide
and comprehensive sense, that the rights of the parties to
the deed should be the same as if the deed had always
been in its present form, decided correctly.   We think it
did not.

That the reformed deed should speak and by relation
take effect as of its original delivery, so far as the land which
it now includes is concerned, is, we think, entirely right and
proper.   That land, as is now established, the plaintiff's
grantor bargained and paid for.   That land the appellant
agreed to sell and convey.   Both parties to the deed mis-
takenly supposed the deed conveyed it.   If then the deed
as reformed did not enable the plaintiff to recover the value
of that land at the time of the eviction, the reformation to
him would be of little or no benefit.   But with regard to
the costs and expenses of the ejectment suit, the case is
widely different.   The appellant ought not to be compelled
to pay these, unless they were, at the time they were incurred,
the natural and necessary consequence of some act or con-
tract of his.

We think it has been shown that they were not the natu-
ral consequence of any act or contract of the appellant at
the time they were incurred, and we also think, under the
circumstances of this case, that it would be a great injustice
to make them so by relation.   The plaintiff knew, when
Root brought suit against him, that the appellant, under his

deed, was under no sort of obligation to defend that suit. At that time too, as we have seen, the appellant could not reasonably be supposed to know that the deed would ever be reformed, or that there was any claim that it should be reformed. If then the plaintiff desired to put the appellant under an obligation to defend in that suit, it was his duty to move at once to have his deed reformed. Instead of this he waited until after the termination of that suit before moving at all in the matter of the reformation of the deed. He ought not now to complain if he is compelled to bear those costs and expenses himself.

It is true, there is a great disparity in the case at bar between the value of the land and the costs and expenses of the eviction proceedings, and so it may seem at first sight as if it were a hardship to deprive the plaintiff of what forms so large a portion of his claim. In most cases of this kind, however, this will not be so, and the recovery of the value of the land will afford a substantial satisfaction. We think the rule we adopt in this case, applied to cases circumstanced as this is, will work less injustice by far than if we decided in favor of the plaintiff upon this point.

. For these reasons we think the court below erred in assessing as damages against the appellant the costs and expenses of the *Root* v. *Butler* suit.

So much of the judgment of the court below as finds and adjudges that the plaintiff is entitled to recover of the appellant the sum of $903.08, is reversed and set aside, and a new trial upon the question of damages only is granted, to be proceeded with in accordance with the views herein expressed.

In this opinion the other judges concurred.