# UNITED STATES HEALTH AND ACCIDENT INSURANCE COMPANY *v.* EMERICK.

[No. 8,096. Filed December 12, 1913. Rehearing denied February 27, 1914.]

1. REFORMATION OF INSTRUMENTS. — *Parol Evidence.* — *Modifying Contract.*—While as a general rule previous oral negotiations or stipulations between the parties are merged in the written contract and cannot be shown to modify it, they may be shown in case of fraud or mistake which prevented the writing from expressing the real contract. p. 594.

2. INSURANCE.— *Action on Policy.*— *Complaint.*— *Sufficiency.*— *Reformation of Policy.*—A complaint on a policy of insurance alleging that defendant solicited the insured to take an accident policy in consideration of an assignment of his wages, which insurance should be effective from date of application, and that thereafter defendant mailed to him a policy containing all the terms agreed to, except that by the mutual mistake of defendant and insured the date of the policy was fixed as of a time

nine days subsequent to the date of application, sufficiently showed that the action was upon the theory that the policy sued on was the contract agreed upon, except as to the matter of date, which by mutual mistake was not the date agreed upon. p. 595.

3. INSURANCE.—*Action on Policy.*—*Amendment of Complaint.*—*Estoppel.*—An amended complaint based on the same policy sued on in the original complaint, except that a reformation as to the date of the policy was sought, was not open to the objection that the original complaint based on the policy as written and dated constituted an acceptance thereof so as to prevent plaintiff from afterwards pleading ignorance of its terms. p. 597.

4. LIMITATION OF ACTIONS.—*Commencement of Action.*—*Amendment.*—*New Cause of Action.*—In an action on an accident policy, where an amended complaint was filed, based on the policy sued on in the original complaint, except that a reformation as to date of the policy was sought, the filing of such amended complaint was not the institution of a new cause of action, and not open to the objection that it was filed after the limitation provided in the policy had expired. p. 597.

5. PLEADING. — *Amended Complaint.* — *New Cause of Action.* — Whether an amended complaint sets up a new cause of action may be determined by a determination of the question whether a recovery on the original complaint would bar a recovery under the amended pleading. p. 598.

6. APPEAL.—*Review.*—*Findings.*—*Conclusiveness.*—In an action to recover on a policy of insurance, in which a reformation as to the date of the instrument was sought, the finding of the trial court that the date shown in the policy was the result of mutual mistake cannot be disturbed on the weight of the evidence, where there was evidence sufficient to warrant such finding. p. 598.

7. APPEAL.—*Briefs.*—*Waiver of Error.*—Grounds of appellant's motion for a new trial that are not stated or discussed in its brief on appeal are waived. p. 599.

From Marion Circuit Court; *Charles Remster,* Judge.

Action by Nellie R. Emerick, by her next friend, James H. Amsden, against the United States Health and Accident Insurance Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*R. P. Shorts* and *G. R. Estabrook,* for appellant.
*Williams & Schlosser* and *William Amsden,* for appellee.

HOTTEL, P. J.—Appellant, on and prior to July 11, 1908, was doing business as an accident and life insurance com-

pany in the city of Indianapolis, with its principal office at the city of Saginaw, Michigan. On said day, Robert H. Emerick, then in the employ of the Cleveland, Cincinnati, Chicago and St. Louis Railway Company, was solicited by one of defendant's agents to take out a policy of insurance in said company with the result that such agent then and there filled out an application blank of said company for insurance for Emerick. To pay the premiums for such insurance, Emerick then signed and delivered to appellant's agent a written assignment of wages.

On July 15, 1908, Emerick was accidentally thrown from a moving freight train and struck by the trucks of one of its cars, with the result that his back was broken and he was otherwise injured. On July 20, 1908, appellant mailed to Emerick, from its home office, a policy of insurance bearing date of July 20, 1908, which was received by Emerick on July 21, 1908. On July 21, 1908, Emerick caused to be filled out the company's blank preliminary report and doctor's certificate pertaining to his injury and disability, resulting therefrom, which report was mailed to appellant on the afternoon of July 21, 1908, and received by appellant July 23, 1908. On July 25, 1908, appellant wrote Emerick a letter in which it acknowledged the receipt of such preliminary report and doctor's certificate of injury, and at the same time and in the same letter mailed to Emerick necessary blanks to be filled and returned to it at the termination of disability. On July 31, 1908, the insured died from the effects of the injury, leaving his widow Nellie R. Emerick, who was then under twenty-one years of age and the sole and only beneficiary of said policy of insurance. On December 9, 1908, the appellee, by her next friend James H. Amsden, filed in the circuit court of Marion County the original complaint herein, which was an action on the policy of insurance bearing date of July 20, 1908, and proceeded on the theory that such policy of insurance

was in force from twelve o'clock noon July 20, 1908. On November 3, 1909, an amended complaint in two paragraphs was filed. In the first paragraph the appellee sought to correct and reform the policy of insurance as to date, and as grounds therefor, alleged, that by mutual mistake of the parties such policy was dated July 20, 1908, instead of July 11, 1908, as was agreed and intended by both parties.

The second paragraph also sought a reformation of the date of the policy and alleged fraud on the part of appellant in dating it July 20, 1908, instead of July 11, 1908. Judgment for $1,000 on such policy as reformed was asked in each paragraph. A demurrer to each of these paragraphs was overruled. There was an answer in two paragraphs one of which was a general denial. A demurrer to the affirmative answer was overruled, and a reply in denial closed the issues. There was a trial by the court, and a general finding and judgment for appellee on her first paragraph of amended complaint, and a general finding for appellant on the second paragraph of amended complaint.

A motion for new trial filed by appellant was overruled. Proper exceptions were saved by appellant to the court's rulings on its demurrer to the amended complaint and motion for new trial, and such rulings are separately assigned as error and relied on for reversal. The general finding and judgment conclusively show that the judgment herein was rendered on the first paragraph of the amended complaint, and that there was a finding for appellant on the second paragraph of complaint. Hence, we need give no further consideration to the second paragraph of complaint.

In support of its contention that the trial court erred in overruling its demurrer to the first paragraph of amended complaint appellant insists, in effect, that such para-

1. graph is based on a parol contract for insurance, which its averments show was afterwards merged in a written contract, and that "all oral negotiations or stipu-

lations between the parties which preceded or accompanied the execution of the written contract are to be regarded as merged in it, and that the latter must be treated as the exclusive medium of ascertaining the contract between the parties.'' There is no doubt but that the general rule, with reference to the merger of the previous parol negotiations in the subsequent written contract, is substantially as appellant states it; but the appellate courts in stating such rule almost invariably indicate an exception thereto, viz., that such ''previous negotiations and propositions in relation to such contract are merged in the final agreement, and, *in the absence of fraud or mistake,* cannot be given to vary or modify such written agreement.'' *Cole* v. *Gray* (1894), 139 Ind. 396, 38 N. E. 856; *Smith* v. *McClain* (1896), 146 Ind. 77, 87, 45 N. E. 41.

Appellee by her first paragraph of amended complaint brings herself within the exception indicated. The averments of this paragraph necessary to a presentation

2. of the foregoing, and other objections urged against it are, in substance, as follows: Appellant, on July 11, 1908, solicited Robert H. Emerick to take insurance of it, and on the same day, in consideration of the written assignment of wages, executed and delivered to it by Emerick, on the Cleveland, Cincinnati, Chicago and St. Louis Railway Company, for the sum of $7.60, then due, then and there agreed to insure, and did insure Emerick from July 11, 1908, until September 11, 1908. Appellant agreed and contracted with Emerick as above set out and agreed that the insurance should become effective and in force on July 11, 1908, and agreed to furnish Emerick a policy of insurance containing their agreement of the character and kind and containing the terms as set out in exhibit A hereto attached and made a part hereof, save and except said policy, according to their agreement, was to be dated July 11, 1908, and to be in full force and effect from July 11, 1908. The terms of the contract of insurance were and

are in form and substance as set out, and shown by exhibit A which exhibit A and contract of insurance are alike in all particulars save and except the date of exhibit A which instead of being of date of July 20, 1908, as contained therein, should be July 11, 1908, as provided in the original agreement made on July 11, 1908.  In compliance with its agreement with Emerick to furnish a policy of insurance containing the date of July 11, 1908, to become effective from said date, appellant, on July 20, 1908, executed and mailed to Emerick a policy of insurance which was received by him on July 21, 1908.  Such written policy of insurance, a copy of which is attached hereto, marked exhibit A contained all the agreements and terms agreed upon on July 11, 1908, by and between Emerick and appellant, ''save and except by the mutual mistake of the said  *  *  *  Emerick and defendant, said policy was dated July 20, 1908.''  Emerick had a broken back and was otherwise injured and on account thereof was compelled to remain in bed from the time of his injury until his death, and suffered great pain both of mind and body.  Emerick, by reason of his condition, was unable to attend to business, and unable to discover, and did not discover, the mistake as to the date written in the policy, and at all times believed that the policy was written and dated as of July 11, 1908, as agreed upon, and that the agreement of insurance was in full force from July 11, 1908.  On July 25, 1908, appellant, by written letter, notified Emerick that it had received his preliminary report and doctor's certificate pertaining to his disability and mailed to him necessary blanks to be filled and returned to it after the termination of his disability, and ''did thereby, then and there treat and consider said insurance as in force, and did thereby waive all objections to said insurance on account of any of the terms and conditions of said policy'' and appellant did at all times, until the death of Emerick, treat the insurance as in full force and effect and as covering and insuring against said injuries.

NOVEMBER TERM, 1913. 597

United States, etc., Ins. Co. *v.* Emerick—55 Ind. App. 591.

These averments make certain the theory of this paragraph of complaint, viz., that the written contract sued on is the contract agreed upon by the parties, except in the matter of date, and that by the mutual mistake of the parties such contract was dated July 20, 1908, when it was intended and agreed between them that it should bear date of July 11, 1908. A reformation of the contract so as to make it bear the correct date and judgment on the written contract as reformed is asked.

It is also insisted that the filing of the original complaint, based on the policy as written and dated, was an acceptance by the beneficiary of such policy as written, and that she cannot thereafter plead ignorance of its terms, nor avoid it because it is not in accord with some former agreement. Appellee is not seeking to avoid the policy, but on the contrary seeks to enforce it when reformed. The authorities relied on by appellant are not applicable to the facts averred in the paragraph of complaint here involved. It is further insisted that neither appellee nor the insured attempted "to rescind this written contract of insurance issued July 20, 1908, with reasonable promptitude and thereby affirmed the contract." So far as the pleadings in the case show there is not now, and never has been any effort to rescind the contract of insurance evidenced by the policy sued on. On the contrary, appellee affirms and seeks to enforce the contract when it is reformed and corrected in the matter of date. The averments of the complaint, before set out, show that the condition of the insured after his injury was such that he was never able to and did not in fact discover the mistake in the date of the policy.

The policy sued on contains the following provision: "No action at law shall be maintainable before three months nor after six months from date on which this paragraph requires said proofs to be furnished. Any claim not brought in conformity with the require-

ments of this paragraph shall be forfeited to the company."
It is contended by appellant that, while the original complaint was filed within the time stipulated in the provision
of the policy, appellee, by filing her amended complaint on
November 3, 1909, changed the action to an equity proceeding, based on an independent and different contract; that
this was the equivalent of filing a new cause of action, and
that such action was not filed within the time limit above
provided, and that on this account "the policy was forfeited to the appellant". There is no merit in this contention. Each paragraph of the amended complaint was predicated on the same policy of insurance sued on in the original
complaint. The fact that a reformation of the contract
originally sued on was asked in the amended complaint
did not change the cause of action and, hence, the amendment will be treated as of the date of the filing of the original complaint. *Indiana Union Traction Co.* v. *Pring*
(1912), 50 Ind. App. 566, 96 N. E. 180, and authorities there
cited. "To determine whether an amendment of
5.  the complaint will set up a new cause of action, .
  *  *  *  it is a fair test to inquire whether a recovery on the original complaint would be a bar to a recovery
under the amended pleading." *Blake* v. *Minker* (1894),
136 Ind. 418, 426, 36 N. E. 246. See, also, *Indiana Union
Traction Co.* v. *Pring, supra.*

The first paragraph of amended complaint is sufficient
to withstand the objections urged against it and, hence, no
error resulted from the ruling on the demurrer thereto.

In support of its contention that the trial court erred in
overruling its motion for a new trial, it is contended by
appellant that the decision of the court is not sustained by sufficient evidence, and is contrary to law.
6.  tained by sufficient evidence, and is contrary to law.
Authorities are cited to the effect that in order to
justify the reformation of a written contract the evidence
must be strong, clear, and convincing. These authorities
should have been, and doubtless were given careful consider-

ation by the trial court. The only reformation sought in this instrument was the change of its date. There was evidence tending to show that it was agreed and understood by the insured and the agent, who took his application, that the policy of insurance would bear the date of the application, and be in force from twelve o'clock noon of the day that the insured assigned his wages in payment of the premium, and that such agent had authority to agree that the policy when issued would bear such date. There was other evidence from which the trial court might have very properly inferred that the appellant and the insured both treated the policy as bearing such date. From such evidence the trial court was warranted in inferring that the date of the policy was the result of the mutual mistake of the parties. It is well understood that this court will not weigh evidence, and that, where there is any evidence to support each of the essential facts upon which the decision of the trial court must rest, such decision will not be disturbed by this court. The other grounds of appellant's motion are not stated or presented anywhere in its brief, and are therefore, waived.

Judgment affirmed.

Note.—Reported in 103 N. E. 435. As to parol evidence of contemporaneous agreement, see 11 Am. St. 394, 893. See, also, under (1) 17 Cyc. 695; (4) 25 Cyc. 1305; (5) 31 Cyc. 417; (6) 3 Cyc. 360; (7) 3 Cyc. 388.