BROWN v. FARMERS' STATE BANK ET AL.

[No. 10,342.    Filed May 13, 1919.]

1. INSURANCE.—*Life Insurance.*—*Rights of Beneficiary.*—The beneficiary in an ordinary life insurance policy has a vested interest therein, which cannot be changed without his consent.  p. 186.

2. INSURANCE.—*Life Insurance.*—*Policies Payable to Estate.*—*Assignment by Insured.*—Where a life policy is payable to insured's estate, he can make an assignment thereof either orally or in writing.  p. 186.

3. FRAUDULENT CONVEYANCES.—*Life Policy.*—*Oral Assignment.*—*Validity.*—*Defrauding Assignor's Creditors.*—Where insured and his father, the beneficiary in a life policy, talked about changing the policy so as to make the son's wife the beneficiary, but, on the advice of the cashier of a bank holding the policy as collateral security for the payment of a note that it would be better not to make any changes until after the note was paid, nothing was done relative to changing the beneficiary, on the death of the son the proceeds of the policy were the absolute property of the father, although he had informed insured that in case of the latter's death he would assign the insurance to the wife, and the father could not, after insured's death, make a gift of such proceeds to the wife to the detriment of the father's creditors.  p. 187.

From Wells Circuit Court; *William H. Eichhorn,* Judge.

Proceeding supplementary to execution by the Farmers' State Bank against Thomas M. Brown, Edith Brown and others. From the judgment rendered, Edith Brown appeals.  *Affirmed.*

*Jacob F. Denney,* for appellant.
*Mock & Mock* and *A. W. Hamilton,* for appellees.

McMAHAN, J.—The appellee Farmers' State Bank of Ossian, Indiana, filed its verified complaint supplemental to execution against appellee Thomas

M. Brown. It was alleged in the complaint that the appellant and appellee People's State Bank had property and money in their possession belonging to Thomas M. Brown, and asked that they be required to answer concerning the same. The appellees Beatty and Doan Company and Fred N. Sharpe were also named in said complaint as having judgments against Thomas M. Brown, and they were required to appear and answer as to their interests in said money and property. The appellees Beatty and Doan Company and Fred N. Sharpe appeared and filed separate verified cross-complaints supplemental to execution against Thomas M. Brown, and also asking that appellant and the People's State Bank be required to answer as to certain money alleged to be in their hands which belonged to Thomas M. Brown.

The cause was tried by the court which found that the appellee Thomas M. Brown was indebted to the Farmers' State Bank in the sum of $241.32, to Fred Sharpe in the sum of $385.55, and to Beatty and Doan Company in the sum of $412 on the several judgments mentioned in the complaints; that the appellant had prior to the filing of the several complaints received and then had in her possession and under her control $1,546.15 in cash belonging to said Thomas M. Brown; that $796.17 of said money had been deposited by appellant and was then on deposit in the said People's State Bank, and that an amount sufficient to pay and satisfy said judgments should be paid into court for that purpose. Judgment was rendered in accordance with the findings.

The appellant filed a motion for a new trial on the grounds that the decision of the court was not sustained by sufficient evidence and was contrary to law.

The overruling of this motion is the only error assigned.

The facts are in substance as follows: On December 16, 1913, the Farmer's State Bank of Ossian recovered a judgment for $304.56 against Thomas M. Brown and Fred N. Sharpe on a promissory note executed by Thomas M. Brown and Irvin Brown and indorsed by said Sharpe; that said bank on the same day recovered a judgment against Thomas M. Brown and Beatty and Doan Company for $381.17 on a note executed by Thomas M. and Irvin Brown and indorsed by Beatty and Doan Company; that said bank on the same day also recovered a judgment against Thomas M. Brown for $124.27 on a note executed by Thomas M. and Irvin Brown; that on May 6, 1914, said bank recovered a judgment against Thomas M. Brown for $154.50 on a note executed by Thomas M. and Irvin Brown. Irvin Brown died intestate on August 28, 1913, leaving as his only heirs one child and the appellant, who is his widow. All of said notes were filed as claims against the estate of Irvin Brown, said estate was settled as insolvent, and nothing was paid by said estate or by Thomas M. Brown on said notes or judgments.

Beatty and Doan Company, on April 6, 1915, paid the judgment based on the note indorsed by them, the amount so paid by them being $411.32, which included the costs.

Fred N. Sharpe, on April 5, 1915, paid the judgment based upon the note signed by him, the amount so paid by him being $328.69.

Irvin Brown some years prior to his death and prior to his marriage to appellant had obtained two

insurance policies on his own life, each calling for $1,000 and being payable in case of death to appellee Thomas M. Brown. Thomas M. Brown and Irvin Brown executed a note to the Wells County Bank and said insurance policies were assigned to said bank as collateral security. The indebtedness to the Wells County Bank was owing and unpaid when Irvin Brown died, and the amount due on said policies was afterwards paid to the Wells County Bank. After paying the note to the Wells County Bank there was $1,546.71 left of the proceeds arising from said insurance policies, which appellee Thomas M. Brown turned over to the appellant, receiving nothing therefor.

A short time before his death, and while the policies were so held by the bank, Irvin Brown and appellee Thomas M. Brown had talked about having the policies signed over to the appellant. Appellee Thomas M. Brown at that time told his son Irvin that, in the event of the latter's death, he would pay the money over to appellant. Shortly thereafter Irvin and Thomas M. Brown had a conversation with the cashier of the bank about having the transfer made. The cashier advised them to do nothing until the note was paid, and at this time Thomas M. Brown also told Irvin that in case the latter should die he would assign the insurance over to the appellant. No further action was ever taken toward changing the beneficiary named in said policies. Thomas M. Brown was a householder during all of this time, entitled to an exemption as such, and did not have any property subject to execution.

Appellant, after the death of her husband, promised Thomas M. Brown that she would pay the debts of

her husband, and when Mr. Brown turned the proceeds arising from said insurance over to appellant he understood and believed that she would do so.. All of the said notes and judgments were for the debts of Irvin Brown and for which Thomas M. Brown was surety.

Appellant contends that under the facts there was an oral assignment of the policies and a constructive delivery of them to her.

The policies in question were ordinary life insurance policies in which the beneficiary had a vested interest and which could not be changed without his consent. *Holland, Gdn.*, v. *Taylor* (1887), 111 Ind. 121, 12 N. E. 116; *Mutual Life Ins. Co.* v. *Guller, Gdn.* (1918), 68 Ind. App. 544, 119 N. E. 173.

Appellant's husband, Irvin Brown, was not the owner or beneficiary named in the policies. He did not have possession of them, and he could not assign them to appellant. In *Wilburn* v. *Wilburn* (1882), 83 Ind. 55, the Supreme Court said: "In truth, the policy is not the property of the insured in any sense, but is the property of the beneficiary from the day of its issue, for from that time he has the whole beneficial interest."

The case at bar is different from those cases wherein a husband or parent takes out a policy of insurance payable to his estate. In the policies payable to his estate, the insured can make an assignment, either orally or in writing. *State, ex rel.* v. *Tomlinson* (1896), 16 Ind. App. 662, 45 N. E. 1116, 59 Am. St. 335; *Stewart* v. *Gwynn* (1908), 41 Ind. App. 320, 82 N. E. 1000, 83 N. E. 753.

Appellant's husband had talked about changing the

policies so as to make the appellant the beneficiary, .but at that time the policies had been assigned
3. to the Wells County Bank as collateral security, and, on the advice and suggestion of the cashier that it would be better not to make any change until after the note which the bank held was paid, nothing was done in relation to changing the beneficiary in the policies.

Our conclusion is that the proceeds of the two policies were the absolute property of Thomas M. Brown, and that he could not, after the death of the insured, make a gift of such proceeds to appellant, to the detriment of his creditors. There was no error in overruling the motion for a new trial.

Judgment affirmed. .