### HAY, ADMINISTRATOR, v. BILLETER ET AL.

[No. 12,293.   Filed June 5, 1925.]

1. REFORMATION OF INSTRUMENTS.—*Parol negotiations may be shown to reform written instruments for mutual mistake.*— The rule that parol negotiations are merged in a subsequent written contract and may not be shown to contradict or vary its terms does not apply to actions to reform written instruments for mutual mistake.   p. 246.

2. MISTAKE.—*Assignment of insurance policy as collateral security instead of transferring full title was mistake of fact and not of law.*—Where an insured requested an employee of the insurance company to prepare an assignment of the policy that would transfer the entire title to another, and, by mistake, a form of assignment used in assigning policies as collateral security was prepared, the mistake was one of fact, not of law.   p. 247.

3. REFORMATION OF INSTRUMENTS.—*Mistake of draftsman in writing instrument could be reformed whether mistake of fact or law.*—Where insured, desiring to make an absolute assignment of the policy, instructed a scrivener to prepare such assignment but, by mistake, he prepared an assignment as collateral security, the instrument could be reformed whether mistake was one of fact or law, as the assignment did not express the intention of the assignor.   p. 247.

4. REFORMATION OF INSTRUMENTS.—*Voluntary instruments, that is, one without consideration, not subject to reformation by the volunteer.*—A mere volunteer has no standing that will

authorize him to ask the reformation of an instrument without consideration.  p. 249.

5. REFORMATION OF INSTRUMENTS.—*One dollar sufficient consideration to justify the reformation of an instrument.*—While a volunteer cannot ask reformation of an instrument, any consideration for the instrument is sufficient, and a statement in the instrument of a consideration of one dollar justifies an action for reformation.  p. 249.

6. INSURANCE.—*Policy made payable to estate of insured can be assigned.*—An insurance policy made payable to the estate of the insured can be assigned by him.  p. 250.

From Lake Superior Court; *Virgil S. Reiter*, Judge.

Action by Mabel C. Billeter against Henry G. Hay, administrator, and another.  From a judgment for plaintiff, the named defendant appeals.  *Affirmed.*  By the court in banc.

*Emmet N. White* and *Davis & Starr*, for appellant.

*Fred C. Crumpacker, Edwin H. Freidrich* and *Frank L. Greenwald*, for appellees.

NICHOLS, J.—Action by appellee Mabel C. Billeter, mentioned hereinafter as "appellee," against appellant and appellee bank, to determine the true ownership of the proceeds of two life insurance policies issued by the Gary National Life Insurance Company upon the life of David Rogers Robins, deceased, the proceeds of said insurance having been previously collected and deposited in said bank.

Appellee's complaint was in three paragraphs; the first paragraph asking for reformation of a written assignment of a life insurance policy and the recovery of $3,000, the full amount of said insurance; the second for reformation of a written assignment of a second life insurance policy, and the recovery of $4,000, the full amount of said insurance; the third alleging a parol gift of the two policies of insurance by the deceased to appellee, and asking a judgment for $7,000, the total amount of the two policies; the bank filed special answer

to all three paragraphs of complaint, claiming no interest in the matter in controversy, save that the sum of the two insurance policies was held by it at the request of appellant and appellee, as custodian. To the first and second paragraphs of the complaint, appellant filed a demurrer, which was overruled, to which ruling appellant excepted.

Appellant filed an answer in general denial to each paragraph of complaint. Appellant also filed cross-complaint against appellees alleging that appellant was the owner of the proceeds of said insurance policies, excepting that said policies were assigned to appellee, by way of collateral written assignments for indebtedness. To which cross-complaint, appellee filed an answer in general denial. At the trial, appellee dismissed as to the third paragraph of her complaint.

The cause was submitted to the court upon the issues formed on the first and second paragraphs of the complaint, and the court found for appellee on each of said paragraphs respectively, that the appellee was entitled to reformation of the written assignments set out in said paragraphs, that appellee, should recover on the first paragraph of complaint, $3,000 and on the second paragraph, $4,000; that the bank should turn over said sums to appellee, and rendered judgment accordingly. The court found against appellant on his cross-complaint, and rendered judgment accordingly.

Appellant's motion for a new trial was overruled, to which appellant excepted. The rulings of the court in overruling the demurrer to the first and second paragraphs of complaint and in overruling the motion for a new trial are the errors assigned.

Appellant, in presenting error of the court in overruling his respective demurrers to the first and
1. second paragraphs of complaint, contends that each of said paragraphs seeks to add to and en-

large a written assignment and to make the same an absolute transfer of property, whereas such writing was executed as security only, and further contends that, by the averments of each paragraph of the complaint, appellee seeks to contradict and vary the terms of such written instrument.   There is no doubt as to the general rule with reference to the merger of parol negotiations in a subsequent written contract.   But there are exceptions to such rule, one of which is that it does not apply in actions to reform written instruments for mutual mistake.   *United States, etc., Ins*. *Co.* v. *Emerick* (1913), 55 Ind. App. 591, 595, 103 N. E. 435; *Jones* v. *Sweet* (1881), 77 Ind. 187, 192; *Morris, Admr.,* v. *Stern* (1881), 80 Ind. 227, 232; *Cole* v. *Gray* (1894), 139 Ind. 396, 38 N. E. 856; *Smith* v. *McClain* (1896), 146 Ind. 77, 45 N. E. 41; *Elliott* v. *Sackett* (1883), 108 U. S. 132, 2 Sup. Ct. 375, 27 L. Ed. 678; *Butler* v. *Barnes* (1892), 61 Conn. 399, 24 Atl. 328, 12 L. R. A. 273; 34 Cyc 982.

Appellant next contends that the first and second paragraphs of complaint ask for a reformation of written instruments because of a mistake of law.   It is averred in each paragraph that the insured caused an employee of the insurance company to prepare for him an assignment transferring, assigning and vesting in appellee entire title to the policy; but that such employee, though intending to prepare and supply an assignment in accordance with the wishes of the insured, mistakenly selected and submitted to him for his execution a form, then in use by the company, for assigning policies as collateral security for present and future indebtedness.   The insured signed the same believing it to be an absolute assignment of the policy and its proceeds to appellee, and that its execution was because of the mutual mistake of the insured and the employee of the company.   It is sometimes most diffi-

cult to determine whether the mistake claimed to have been made is a mistake of fact or of law, and, in the present case, we have a striking illustration of the court's difficulty in so determining. It appears by the complaint that the insured expressly instructed the employee of the insurance company to prepare for him an absolute assignment of the policy, and of the proceeds, to appellee. The insured did not sign what he had intended to sign or what he had instructed the agent of the company to prepare for him. Though the complaint might have been made plainer in this regard, we are inclined to hold that the averments show that the mistake was one of fact and not of law. We may say, however, that if such holding is a wrong interpretation of the averments of the complaint, we regard it as harmless as hereinafter appears. In the case of *Allen* v. *Bollenbacher* (1912), 49 Ind. App. 589, 97 N. E. 817, it appears that the preparation of a certain deed and agreement was left to a scrivener, and that each believed that it was in accordance with and expressed their wishes, but that there was a mistake therein which was not discovered, by reason of which, the instrument did not express the real intention of the parties. It was sought to reform the instrument because of a mistake as to its legal effect. The court said: "But as we see this case, it is one where the scrivener, through mistake or inadvertence, failed to reduce the actual agreement of the parties to writing. In such cases 'equity will interfere with the appropriate relief, either by way of defense to its enforcement, or by cancelation, or by reformation, to the same extent as if the failure of the writing to express the real contract was caused by mistake of fact,'" (Citing authorities). The same authority quotes from the case of *Adams* v. *Wheeler* (1890), 122 Ind. 251, 23 N. E. 760, to the effect that, "it is a well-established principle of equity

jurisprudence, that where through the mistake of the parties, the form of an instrument is such that it does not express the agreement as the parties intended it should, the aid of a court of chancery may be invoked to reform the contract or deed. (Citing authorities.) Courts of equity would be justly subject to reproach if they could afford no relief in cases like the present."

In *Parish* v. *Camplin* (1894), 139 Ind. 1, 37 N. E. 607, the court, speaking with reference to a mistake in a deed, says: "If this was a mistake of law, a mistake as to the legal effect of the deed, it was such as was common to all the parties affected. * * * Equity requires an amendment of the writing that will make the contract what the parties supposed it was and intended it should be, although their mistake is one of law and not of fact." To the same effect see *Radebaugh* v. *Scanlan* (1907), 41 Ind. App. 109, 82 N. E. 544. In *Walden* v. *Skinner* (1879), 101 U. S. 577, 25 L. Ed. 963, it is held that: "Where an instrument is drawn and executed, that professes or is intended to carry into execution an agreement, which is in writing or parol, previously made between the parties, but which by mistake of the draftsman, either as of fact or law, does not fulfill or which violates the manifest intention of the parties to the agreement, equity will correct the mistake so as to produce a conformity of the instrument to the agreement." By these authorities, it is apparent that whether the mistake was one of fact or of law, it could be corrected so as to make the assignment conform to the intention of the parties.

It is urged by appellant that appellee was but a mere volunteer, and that, as such, she cannot maintain an action to reform the assignment. If she was but 4, 5. a volunteer, appellant's position would certainly be well taken. *Froman* v. *Froman* (1859), 13 Ind. 317; *Randall* v. *Ghent* (1862), 19 Ind. 271; *Mason*

v. *Moulden* (1877), 58 Ind. 1; 34 Cyc 928, 951. But the consideration in each of the assignments which are made exhibits to the complaint was one dollar. It has been held by the Supreme Court of this state that such a consideration is sufficient to justify an action for the reformation of an instrument. *Mason* v. *Moulden, supra.*

If there is any consideration at all it will be sufficient for that purpose. *Comstock* v. *Coon* (1893), 135 Ind. 640, 643, 35 N. E. 909; *Baker* v. *Pyatt* (1886), 108 Ind. 61, 72, 9 N. E. 112; *Citizens Nat. Bank* v. *Judy* (1896), 146 Ind. 322, 332, 43 N. E. 259; *St. Clair* v. *Marquell* (1903), 161 Ind. 56, 66, 67 N. E. 693.

That the policies, being made payable to the estate of the insured, could be by him assigned, see *Brown* v. *Farmers State Bank* (1919), 70 Ind. App. 182, 123 N. E. 224, and cases there cited. There was no error in overruling the demurrer to the complaint. We have examined the questions presented by the assignment of error in overruling the motion for a new trial, the substantial ones of which have been considered in considering the court's action in overruling the demurrer to the complaint, and we find no reversible error in the court's action. Nothing can be gained by further considering them.

The judgment is affirmed.